UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVID A. DIEHL,

    Plaintiff,

v.                                                    Case No:  5:20-cv-530-JLB-PRL

UNITED STATES OF AMERICA,

    Defendant.
_____

## **ORDER**

On March 29, 2021, the Court dismissed this case without prejudice for abuse of the judicial process. (Doc. 17.) Specifically, the Court found that Plaintiff, David Diehl—an inmate in the custody of the Federal Bureau of Prisons—did not accurately disclose his prior litigation history. Mr. Diehl now moves for reconsideration of the Court's dismissal. (Doc. 19.)

## **DISCUSSION**

### I. Standard for reconsideration

District courts are afforded considerable discretion to reconsider prior decisions. See Harper v. Lawrence Cnty., 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); Lamar Advert. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this

District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (citation omitted); Montgomery v. Fla. First Fin. Grp., Inc., No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly . . . ." Scelta v. Delicatessen Support Servs., Inc., 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000) (citation omitted). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." Id. Stated differently, a "party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." McGuire, 497 F. Supp. 2d at 1358 (citation omitted). To permit otherwise would "essentially afford[] a litigant 'two bites at the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (citation omitted).

## II. Dismissal as a sanction

A dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file. See, e.g., Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to file a court-ordered brief was not an abuse of discretion). But where a dismissal without prejudice has the effect of precluding

the re-filing of a claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice. Justice v. United States, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Dismissals with prejudice are drastic remedies that are to be used only where lesser sanction would not better serve the interests of justice. Id. Thus, dismissals with prejudice are not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct. Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (involving sanctions under Fed. R. Civ. P. 41(b)). Mere negligence does not justify a finding of delay or willful misconduct. Id. Absent willful or contumacious conduct, cutting off a potentially meritorious action is an unduly harsh sanction for a plaintiff's failure to prosecute or non-compliance with a court order. See Justice, 6 F.3d at 1481.

### III. Mr. Diehl's argument

Mr. Diehl seeks reconsideration because: (1) he did not intentionally abuse the judicial process; and (2) the statute of limitations on his Federal Tort Claims Act ("FTCA") claim has expired. His first argument is unpersuasive for the reasons set forth in the Court's February 26, 2021 order to show cause and the March 29, 2021 dismissal order. (Docs. 15, 17). But Mr. Diehl's second point warrants reconsideration.

Once an administrative agency denies an FTCA claim, the claimant has six months to request reconsideration of that final denial. See 28 U.S.C. § 2401(b); 28 C.F.R. § 14.9(b). Alternatively, a claimant may forgo a request for reconsideration

and file a complaint in the appropriate district court—also subject to the six-month limitations period commencing on the date of the agency's final denial. 28 C.F.R. § 14.9(a). Here, Mr. Diehl avers that his tort claim was denied on May 4, 2020. (Doc. 1 at 5.) This means he had until November 4, 2020 by which to file his complaint. And although his October 27, 2020 complaint in <u>this</u> case was timely, the same cannot be said for any future complaint based on the FTCA claim presented here. Thus, notwithstanding the Court's intent to dismiss this matter <u>without</u> prejudice, Mr. Diehl is correct that it is tantamount to a dismissal <u>with</u> prejudice as he would be barred from refiling his FTCA claim.

Had the Court truly dismissed this case without prejudice to Mr. Diehl's ability to refile, the dismissal would stand. <u>See</u> <u>Dynes</u>, 720 F.2d at 1499. But the statute of limitations on Mr. Diehl's FTCA claim has expired so any dismissal will necessarily be with prejudice. Considering that Mr. Diehl disclosed several prior lawsuits, his failure to disclose accurately all of his prior litigation history does not (on this record) warrant such an outcome.

Accordingly, Mr. Diehl's motion for reconsideration (Doc. 19) is **GRANTED**. The Court **VACATES** its March 29, 2021 order (Doc. 17) and the Clerk is **DIRECTED** to **REOPEN** the case.

**ORDERED** at Fort Myers, Florida, on July 2, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE